IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| CELIA BENITEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-02622-JAR-KGG |
| | ) |
| SIMMI HOSPITALITY MANAGEMENT INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Celia Benitez brought this action alleging the following two claims against Defendants Simmi Hospitality Management Inc. and Payal Hotels, LLC (collectively "Defendants")[1]: sexual harassment and discrimination in violation of 42 U.S.C. § 2000e *et seq.* and retaliation in violation of 42 U.S.C. § 2000e *et seq.* On June 1, 2017, the Clerk entered default against Defendants.[2] This matter comes before the Court on Plaintiff's Motion for Default Judgment (Doc. 23) and Motion for Attorney Fees (Doc. 29). The Court held a hearing on July 11, 2017, at which time it heard argument from Plaintiff on her motion and heard evidence regarding Plaintiff's request for damages. Defendants did not appear. Having considered Plaintiff's motion and her arguments and evidence presented at the July 11, 2017 hearing, the Court is prepared to rule. For the reasons stated in detail below, the Court grants Plaintiff's motions for default judgment and for attorney fees.

**I. Background**

Plaintiff filed her Complaint on September 9, 2016, against her former employers, Defendants Simmi Hospitality Management Inc. and Payal Hotels, LLC, and filed her First

---
[1] Plaintiff dismissed a third defendant, KC NBSS Hotel, LLC, on January 12, 2017. *See* Doc. 14.
[2] Doc. 24

1

Amended Complaint on October 5, 2016. Plaintiff's Complaint and First Amended Complaint alleged two claims against Defendants, one for sexual harassment and discrimination in violation of of 42 U.S.C. § 2000e *et seq.* and the second for retaliation in violation of 42 U.S.C. § 2000e *et seq.* Plaintiff alleged that Defendants' general manager, D.C. Parad, subjected Plaintiff to a sexually hostile work environment by making comments of a sexual nature to her; by staring at Plaintiff inappropriately, and by touching Plaintiff inappropriately. Plaintiff alleged that she asked Mr. Parad to stop, but he would not. She further alleged that she reported Mr. Parad's behavior to Defendants' area manager, Eunice Ruiz. Plaintiff alleged that Ms. Ruiz's response was to assign Plaintiff to another hotel, but Plaintiff believed that to be unfair, as it was farther away from her home. Plaintiff also alleged that following her complaints of discrimination, her hours were reduced and that by mid-September 2015, she was no longer scheduled to work any hours. Plaintiff alleged that she continued to inquire as to why she was not being scheduled for any hours, but never received a response.

## II.     Discussion

Following entry of default, Rule 55(b)(2) allows the Court to enter default judgment. Once default is entered, the defendant is not entitled to defend itself on the merits.[3] But an entry of default only establishes liability; it does not establish the amount of damages.[4] The factual allegations in the Complaint are taken as true, except for those relating to the amount of damages.[5] "Damages may be awarded only if the record adequately reflects the basis for award

---

[3] *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 & n. 11 (10th Cir. 2003).
[4] *Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012) (citing *DeMarsh v. Tornado Innovations, LP,* No. 08–2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009); *Beginner Music v. Tallgrass Broad., LLC,* No. 09–4050–SAC, 2009 WL 3720180, at *1 (D. Kan. Aug. 12, 2009)).
[5] *Id.* (citing *Beck v. Atl. Contracting Co.*, 157 F.R.D. 61, 64 (D. Kan. 1994)).

via a hearing or a demonstration by detailed affidavits establishing the necessary facts."[6] Default judgment may only be entered against defendants whom the Court determines are not minors or incompetent persons.[7] Defendants are not minors or incompetent persons (Defendant Simmi Hospitality is a corporation and Defendant Payal Hotels is a limited liability company). Additionally, Defendants have not responded to Plaintiff's motion for default judgment, and did not appear at the July 11, 2017 hearing on Plaintiff's motion, despite the Court having sent notice of the hearing to Defendants at their registered addresses.[8] Thus, the Court may enter default against Defendants.

Having established Defendants' liability for each of Plaintiff's two claims, the Court now turns to the issue of damages and other relief. Plaintiff requests compensatory damages for lost wages and emotional distress, punitive damages, reasonable attorney's fees, and costs.[9]

### a. Sexual Harassment & Discrimination

Plaintiff testified that Defendants' general manager, Mr. Parad, subjected Plaintiff to a sexually hostile work environment by making comments to Plaintiff about her breasts and her appearance and asking her to have sex with him; by staring at Plaintiff in a manner that made her feel uncomfortable, particularly because he would look her body up and down; and by pressing himself up against Plaintiff while she was at work, including one such occasion where he did so in the presence of customers. Plaintiff testified that Mr. Parad's behavior commenced on the same day on which he became Plaintiff's general manager and occurred on a daily basis thereafter. Plaintiff testified that she asked Mr. Parad to stop his behavior, but he did not.

---

[6] *Demarsh*, 2009 WL 3720180, at *2 (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).
[7] Fed. R. Civ. P. 55(b).
[8] Docket Text for June 5, 2017; *see* Docs. 26 & 27 (mail to Simmi Hospitality Management Inc. and Pinal C. Patel was returned to sender, unable to forward).
[9] Costs are determined by Local Rule 54.2 and are not taken up in this Order.

Plaintiff also testified that she informed the area manager, Ms. Ruiz, about Mr. Parad's behavior, but Ms. Ruiz's response was to suggest that Plaintiff could work at an empty hotel farther away from her home. Plaintiff testified that she did not believe this was an appropriate response to her request.

### b. Retaliation

Plaintiff testified that following her complaints to the area manager Ms. Ruiz, she was instructed to go and watch a hotel for Defendants at a location farther from her home. Plaintiff testified that she did go to the hotel a few times, but it was empty, and was thereafter returned to the Defendants' hotel where she originally worked. Plaintiff testified that after she complained of the harassment, she began receiving fewer hours on the schedule, and was ultimately taken off the schedule. Plaintiff testified that she believed because she was no longer scheduled for any shifts despite her inquiries as to why, that she was effectively terminated from her employment.

### c. Damages

Plaintiff's First Amended Complaint sought compensatory damages for emotional distress and lost wages, punitive damages, attorney's fees and costs. A party asserting claims pursuant to 42 U.S.C. 2000e may recover compensatory and punitive damages. *See* 42 U.S.C. § 1981a(a)(1). When an employer has more than 14 and fewer than 100 employees, the limitation for compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, as well as the amount of punitive damages, cannot exceed $50,000. *See* § 1981a(b)(3)(A). The limitation on damages outlined in section 1981a(b)(3)(A) does not apply to backpay or interest on backpay. *See* § 1981a(b)(2).

Plaintiff testified that Defendants employed approximately twenty employees who worked at the Days Inn hotel where Plaintiff worked. Plaintiff also testified that Defendants had other hotels, but that she was unsure how many employees worked at those hotels. Therefore, the Court finds that Plaintiff's compensatory damages for emotional distress and punitive damages are limited to $50,000.

Plaintiff testified that she was humiliated and embarrassed as a result of the sexual harassment and discrimination and that she suffered emotional distress as result of her termination. Plaintiff testified that further adding to her humiliation and embarrassment was the fact that Mr. Parad would press himself against her in front of customers, so that Plaintiff could not call out his inappropriate behavior. Plaintiff also testified that as a result of Mr. Parad's behavior, she no longer feels comfortable working around men. Plaintiff seeks $10,000 in compensatory damages for her emotional distress and $40,000 in punitive damages based on Defendants' conduct that a management-level employee perpetuated the harassment on Plaintiff and Plaintiff reported the conduct to another management-level employee, but was thereafter given reduced hours and ultimately effectively terminated when Plaintiff was taken off the schedule. The Court finds that the testimony presented at the evidentiary hearing sufficiently establishes Defendants' liability to Plaintiff in the amount of $10,000 for compensatory damages for emotional distress and $40,000 in punitive damages.

Plaintiff also seeks backpay (lost wages) following termination of her employment with Defendants. Plaintiff testified that she applied to approximately 200 positions for employment following her termination in mid-September 2015 through July 2016 when she found new employment. Plaintiff testified that she earned $9.00 per hour working for Defendants, and on average worked 40 hours per week plus 7 hours of overtime at the overtime rate of $13.50 per

hour, equating to $454.50 gross income per week. Plaintiff testified that she was unemployed for a period of 40 weeks, resulting in $18,180.00 in lost wages. The Court finds that Plaintiff provided sufficient testimony that she attempted to mitigate her damages and that she sustained lost wages in the amount of $18,180.00.

Thus, Plaintiff is awarded $50,000.00 in compensatory and punitive damages and $18,180.00 in backpay.

### d. Attorney's Fees

Plaintiff seeks her reasonable attorneys' fees, pursuant to 42 U.S.C. 2000e-5(k), in the amount of $11,452.50. Plaintiff submitted a Motion for Attorney's Fees on August 1, 2017, with affidavits from Ashley S. Grace and Kenneth D. Kinney in support of the work they did on the case, as well as the affidavit of Richard H. Ralston who reviewed the attorneys' fees request and stated he believed the requests were reasonable. Plaintiff seeks fees for attorney Ashley S. Grace for 35.70 hours at the rate of $275.00 per hour and attorney Kenneth D. Kinney for 5.45 hours at the rate of $300.00 per hour. The Court finds the time spent on the cases and the hourly rate of the attorneys are reasonable, based on the nature of this case, the relative experience and expertise of the attorneys, prevailing local market rates for attorneys practicing employment litigation, and rates typically approved by this Court and other courts.[10] Accordingly, the Court grants Plaintiff's motion for attorneys' fees in the amount of $11,452.50.

## III. Conclusion

The Court grants Plaintiff's unopposed motion for default judgment. The Court finds that the record supports an award of damages in the amount of $68,180.00 and attorneys' fees in the amount of $11,452.50 on Count I and II of Plaintiff's First Amended Complaint.

---

[10] *See, e.g. Riordan v. ASAP Expert Counseling, LLC*, No. 16-CV-2011-JAR-TJJ, 2017 WL 2225223, at *2 (May 19, 2017) (approving rates of $450.00, $325.00, and $275.00 per hour).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Celia Benitez's Motion for Default Judgment (Doc. 23) and Motion for Attorney's Fees (Doc. 29) are **granted.** Defendants Simmi Hospitality Management, Inc. and Payal Hotels, LLC, shall pay to Plaintiff the following amount: $68,180.00 in damages on Counts I and II and $11,452.50 in attorneys' fees on Counts I and II.

**IT IS SO ORDERED.**

**Dated:  8/10/17**                                      s/ Julie A. Robinson
                                                                    **JULIE A. ROBINSON**
                                                                      **UNITED STATES DISTRICT JUDGE**

Prepared by:

**HOLMAN SCHIAVONE, LLC**

By:    /s/ *Ashley S. Grace*
        Kirk D. Holman, KS Bar 19558
        Ashley S. Grace, KS Bar 26888
        4600 Madison Avenue, Suite 810
        Kansas City, Missouri 64112
        Telephone: 816.283.8738
        Facsimile: 816.283.8739
        Email: kholman@hslawllc.com
        Email: agrace@hslawllc.com

        **ATTORNEYS FOR PLAINTIFF**